## Skyland Hosiery Company *v.* Hughes, Appellant.

*Contract—Cancellation—Evidence.*

In an action of assumpsit where it appears that defendants had agreed to sell yarn in certain consignments to plaintiff, and that subsequently the defendants had turned the contract over to a third party who had agreed to make the deliveries at an excess price, and that defendants had assumed liability for the excess to the plaintiff, the defendants cannot set up in a suit for such excess, an alleged cancellation of the contract by themselves and the third party, where it appears that the third party had delivered all the yarn and received the pay therefor, although at one time through a misunderstanding of certain facts the third party had notified the plaintiff of the cancellation of the contract, but had subsequently resumed and completed the shipments.

Argued Oct. 24, 1913. Appeal, No. 4, Oct. T., 1913, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1911, No. 256, on verdict for plaintiff in case of The Skyland Hosiery Company v. John H. Hughes and Harry Freeman, late Copartners under the firm of John H. Hughes Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a contract. Before BRÉGY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $524.72. Defendants appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*David R. Griffith, Jr.*, for appellants, cited: Farmers' Loan & Trust Co. v. Galesburg, 133 U. S. 156; Miller v. Phillips, 31 Pa. 218; Bonner v. Herrick, 99 Pa. 220; Bacon v. Green, 36 Fla. 325 (18 So. Repr. 870); Rey-

bold v. Voorhees, 30 Pa. 116; Hartje v. Collins, 46 Pa. 268; Rugg v. Moore, 110 Pa. 236; Clark v. Iron Co., 16 Phila. 135; Granite Mills v. Oilcloth Co., 15 Montg. County, 36; Kerns v. Ins. Co., 11 Pa Superior Ct. 209; American Life Ins. Co. v. McAden, 109 Pa. 399; Wordden v. Connell, 196 Pa. 281; Harton v. Hildebrand, 230 Pa. 335; Beetem v. Burkholder, 69 Pa. 249; Morgan v. McKee, 77 Pa. 228.

*William H. Shoemaker,* with him *William S. Stenger,* for appellee, cited: Merchants & Traders Bank v. Gardner, 31 Pa. Superior Ct. 143; Dalmas v. Kemble, 215 Pa. 410.

OPINION BY HENDERSON, J., February 20, 1914:

There was no dispute in regard to the fact that the defendants had entered into a contract with the plaintiff for the delivery to it of a quantity of yarn and that the contract was turned over by the defendants to James F. White & Co., who assumed the defendants' responsibility; nor is it disputed that the price charged by White & Co. was greater than that which the defendants were to receive and that the latter agreed to reimburse the plaintiff for this excess in price. The quantity of yarn furnished is admitted and the amount of the plaintiff's claim is therefore definite. The only defense set up is that the contract was canceled by the defendants and by White & Co., after part of the goods had been delivered; and in support of this defense a letter of White & Co. to the plaintiff dated January 22, 1910, was offered in evidence complaining of the delay of the latter in making settlement for the consignments according to the contract as White & Co. interpreted it. The letter contained a notice that they canceled the balance of the contract. On January 27, 1910, the defendants sent a like notice to the plaintiff assigning as its reason for canceling the contract that the plaintiff had not paid the invoices at the time they were due. This notice

also referred to another contract with which White & Co. had no connection. To the letter of January 22 the plaintiff replied that White & Co. had not sent the plaintiff any evidence that the goods had been shipped except the invoice and requested that the bill of lading be sent to show that the merchandise had been delivered to the carrier. As it was sent to a mercerizing establishment for treatment and not directly to the plaintiff the latter did not have immediate knowledge of the shipment by White & Co. and the delivery to the mercerizer. To this letter White & Co. replied on January 28, 1910, stating its position as to the course of business between them. The letter concluded with these words, "As said above upon receipt of settlement we will resume deliveries on your contract provided settlement is made promptly on receipt of this letter." All of the evidence on the subject shows that the shipments of merchandise continued after January 28 as before, and that the full amount deliverable under the contract was received by the plaintiff from White & Co. and paid for. No discussion is necessary to make it evident that the notice of cancellation by the defendants on January 27 did not terminate the contract or release them from their liability. White & Co. had assumed the whole responsibility of performing the defendants' contract to deliver the yarn. If the plaintiff and White & Co. were able to complete the contract the defendants' liability arose because it was bound at the beginning to pay the difference between what the plaintiff would have paid them for the yarn and what was afterward paid to White & Co. When the defendants agreed to furnish the definite quantity of merchandise at a fixed price and induced the plaintiff to accept White & Co. in their place, in consideration of the agreement to pay the difference in the price of the material, the defendants could not release themselves from their obligation to pay this difference by notifying the plaintiff that the contract was canceled. There was no default of the plaintiff so far as the de-

fendants were concerned. It is evident also that there was not in fact a cancellation of the contract by White & Co. if it be conceded that there could have been such cancellation on the existing facts. The plaintiff never admitted the right of White & Co. to cancel and that company was bound to perform unless it could show such a breach of contract as would release it. The letter of January 24 does express an intention not to proceed with the delivery of the merchandise, but the letter of January 28 refers directly to the contract and proposes to comply therewith if the plaintiff do what White & Co. alleged was to be done according to the agreement and the deliveries were made thereafter to the extent of full performance. The court could not have determined that there was a breach of the contract or that it was not performed. All of the evidence was to the effect that even if White & Co. might have retired from the contract they did not do so. There was nothing in dispute in the case, therefore. The liability of the defendants was manifest and the court was not in error in instructing the jury to find a verdict for the amount of the plaintiff's claim.

The judgment is affirmed.